# Sheeler et al. v. Local No. 107, United Food Workers Industrial Union

*Syme & Simons*, for plaintiffs.

*Louis F. McCabe*, for defendants.

SMITH, P. J., October 8, 1945.—This matter comes before the court upon a bill in equity filed by three employes of Crotty Bros., operator of a cafeteria at the Brewster Aeronautical Corporation, Johnsville, Pa., on their own behalf and on behalf of persons similarly situated, praying for an accounting and judgment therefor against Local No. 107, United Food Workers Industrial Union, Philadelphia Joint Council, United Retail, Wholesale and Department Store Employees, and other respondents, individually and as officers of said unincorporated associations, arising from the payment of certain monthly dues and initiation fees deducted by said Crotty Bros. from the wages of complainants, and paid by said Crotty Bros. to respondent, Local No. 107, United Food Workers Industrial Union.

## Findings of fact

1. Each of complainants, during the Fall of 1942, and sometime thereafter, were employes of Crotty Bros., a Pennsylvania corporation which owned and operated a cafeteria at the plant of Brewster Aeronautical Corporation, Johnsville, Pa.

2. Many of complainants are presently employed at said cafeteria by the Easton Operating Corporation, successors of Crotty Bros.

3. During September 1942 one Bernard Rifkin, the educational director of the United Automobile Workers Union, C. I. O., of which many of the employes of the Brewster Aeronautical Corporation were members, was approached by the cafeteria employes of the Brewster plant, all of whom desired to become affiliated with said union with a view to obtaining increased wages and the benefits of a union of international scope and influence; and, accordingly, nearly all of said cafeteria employes signed cards indicating their willingness to join said United Automobile Workers Union, C. I. O.

4. Subsequent to the execution of the aforementioned cards the executive board of the United Automobile Workers Union, C. I. O., advised Bernard Rifkin to turn said cards over to the United Retail, Wholesale and Department Store Employees of America, C. I. O. (hereinafter referred to as international union), as that union could better represent said cafeteria employes.

5. Said Bernard Rifkin telephoned one of the respondents, Albert Brown, and informed him that there were approximately 80 employes of the cafeteria at the Brewster plant who desired to join the union, said Albert Brown at that time being a member of Local No. 114, Shoe Salesmens Union, and business agent of Local No. 107, United Food Workers Industrial Union.

6. Bernard Rifkin, during the aforementioned telephone conversation, asked Albert Brown whether Local No. 107 was affiliated with the Congress of Industrial Organizations, and Albert Brown answered in the affirmative.

7. Bernard Rifkin, during October 1942, introduced Albert Brown to the cafeteria employes at the Brewster plant at a meeting or meetings, during which said employes signed cards evidencing their intention to join the United Food Workers Industrial Union, Local No. 107, said cards having printed thereon: "Affiliated with the Congress of Industrial Organizations", and directing a check-off of union dues and initiation fees by their employer, Crotty Bros.

8. At the meeting in October 1942 Albert Brown spoke to the employes of Crotty Bros. about the international union, its large membership, its influence, and the death benefits available to its members, and further informed them that they would not be required to pay dues until such time as they secured an increase in wages.

9. As a result of the representations made by Albert Brown, the employes of Crotty Bros. signed the aforementioned cards for the purpose of becoming affiliated with said Local No. 107, which they believed to be a member of the international union.

10. That said employes did receive an increase in wages, and thereafter, from November 1942 through October 1943, a period of 11 months, Crotty Bros., in accordance with the directions of each of said employes, deducted from their salaries the initiation fees and various monthly union dues, and paid the same to said Local No. 107, which, in turn, deposited said funds in its bank account.

11. Local No. 107, of which Albert Brown claimed to be business agent, was an affiliate of the international union prior to March 7, 1939.

12. On or about March 7, 1939, the charter of said Local No. 107 was suspended by the international union; during the Spring of 1940 Joseph Konowe, international representative of said international union, took possession of said charter and delivered it to the

international office; and since that date said international union has taken no action whatsoever to reinstate said charter.

13. Said Local No. 107 at the time complainants (employes of Crotty Bros. at said Brewster plant) became associated with it, was not a member of or affiliated with said international union, and said complainants, therefore, were not entitled to any of the rights, privileges, or benefits accorded to members of a bona fide local of the Congress of Industrial Organizations.

14. The aforementioned representations made by Albert Brown, as business agent of Local No. 107, to complainants, at the time they were made, were known by him to be false and untrue.

15. Said Local No. 107 never made any payments from the funds received by it from complainants to said international union.

16. Respondents, Norman Lipschutz, as president, and Vito Mastranado, as secretary, of Local 107, had full knowledge of the false representations of their business agent, Albert Brown, and actively participated in the fraud and deceit upon complainants.

17. Said Local No. 107 deposited with respondent, Philadelphia Joint Council, United Retail, Wholesale and Department Store Employees (hereinafter referred to as joint council), certain of the dues and initiation fees received from complainants as a result of deductions made from their wages by their employer, Crotty Bros.; the officers of said joint council being five of respondents, namely, Harold Cantor, president; B. B. Smith, vice president; Harry Sirken, treasurer; Helen Turner, secretary, and Albert Brown, business agent.

18. Said joint council and its officers aforesaid had full knowledge at the time they received the moneys

of complainants that said Local No. 107 was not affiliated with the United Retail, Wholesale and Department Store Employees of America, C. I. O.

19. In receiving said moneys of complainants, the joint council and its officers knew that none of complainants as a result of paying dues to Local No. 107 would be entitled to the rights, benefits, and privileges accorded to members of a bona fide local of said international union.

20. Said joint council, during January 1944, was suspended by said international union for harboring within its organization, with the consent and knowledge of its officers, the nonexistent Local No. 107.

### Conclusions of law

1. Albert Brown, individually and as agent for Local No. 107, United Food Workers Industrial Union, was guilty of a wilful misrepresentation when he informed the employes of Crotty Bros., at the Brewster Aeronautical Corporation, Johnsville, Pa., that said Local No. 107 was affiliated with the United Retail, Wholesale and Department Store Employees of America, C. I. O.

2. Said misrepresentations of Albert Brown were believed by complainants (employes of Crotty Bros.) and by reason thereof they permitted a check-off from their wages for initiation fees and monthly union dues to be made by their employer.

3. That by reason of the deceit perpetrated upon complainants, said Crotty Bros. paid into Local No. 107 the moneys deducted from the wages of said complainants for dues and initiation fees.

4. Norman Lipschutz, as president, and Vito Mastranado, as secretary, of said Local No. 107, had full knowledge of the misrepresentations and deceit of their business agent, Albert Brown, and, by receiving on behalf of said Local No. 107 the dues and initia-

tion fees paid by complainants, participated in the fraud and deceit of said Albert Brown.

5. Complainants are entitled to an accounting from Local No. 107, United Food Workers Industrial Union, an unincorporated association, and from Albert Brown, Norman Lipschutz, and Vito Mastranado, individually and as officers of said Local No. 107, of all sums paid by Crotty Bros. to said Local No. 107 as a result of the check-off made by said Crotty Bros. from the wages of complainants.

6. The Philadelphia Joint Council, United Retail, Wholesale and Department Store Employees, and Harold Cantor, as president; B. B. Smith, as vice president; Harry Sirken, as treasurer; Helen Turner, as secretary, and Albert Brown, as business agent of said joint council, had full knowledge of the nonexistence of said Local No. 107 as an affiliate of United Retail, Wholesale and Department Store Employees of America, C. I. O., and by receiving certain of the dues paid to Local No. 107, thereby participated in the fraud and deceit of said Albert Brown, well knowing that said payments made by complainants afforded them none of the rights, privileges, and benefits accorded members of bona fide locals of the Congress of Industrial Organizations.

7. The Philadelphia Joint Council, United Retail, Wholesale and Department Store Employees, and Harold Cantor, B. B. Smith, Harry Sirken, Helen Turner, and Albert Brown, individually and as officers of said Philadelphia joint council, must account to complainants for all sums received by said joint council from said Local No. 107, representing the dues and initiation fees paid by complainants to Local No. 107.

8. Upon due accounting, complainants are entitled to judgment against said Local No. 107 as an unincorporated association, and against Albert Brown,

Norman Lipschutz, and Vito Mastranado, jointly and individually for all moneys found to have been paid to said Local No. 107 by Crotty Bros. as a result of the check-off from the wages of complainants for union dues and initiation fees.

9. Upon due accounting complainants are entitled to judgment against said Philadelphia Joint Council, United Retail, Wholesale and Department Store Employees, Harold Cantor, B. B. Smith, Harry Sirken, Helen Turner, and Albert Brown, individually and jointly for all moneys belonging to complainants found to be paid by Local No. 107 to said joint council.

10. The bill in equity and the prayers thereof are sustained.

## Discussion

During the Fall of 1942 complainants, employes of Crotty Bros., who owned and operated the cafeteria at the Brewster Aeronautical Corporation, Johnsville, Pa., were desirous of obtaining an increase in their wages and the security of belonging to a labor organization of international scope and influence. At this time, most of the employes of the Brewster plant were affiliated with the United Automobile Workers Union, C. I. O., and complainants were in negotiations with an officer of said union to become members thereof. However, the executive board of the United Automobile Workers Union, C. I. O., advised Bernard Rifkin, its educational director, that the cafeteria employes should not belong to that particular union, and suggested that the application cards which had been signed by complainants should be turned over to a local union belonging to the United Retail, Wholesale and Department Store Employees of America, C. I. O. (hereinafter referred to as international union). Bernard Rifkin thereupon attempted by telephone to contact the local representative and said international union, and ultimately talked with Albert Brown, one

of respondents, who was a member of the local shoe salesmen's union, and who, a few months before, had been appointed business agent for Local No. 107, United Food Workers Industrial Union. Said Local No. 107 had formerly been affiliated with said international union, but on or about March 7, 1939, the charter of said local had been suspended by the international union, and during the spring of 1940 said charter was physically taken from Local No. 107 by Joseph Kenowe, international representative. Since the spring of 1940 no steps whatsoever have been taken by said international union to reinstate Local No. 107.

Although the aforementioned facts were known to Albert Brown, he, nevertheless, appeared before complainants at Johnsville, Pa., and falsely represented to them that the Local No. 107 was an affiliate of the United Retail, Wholesale and Department Store Employees of America, C. I. O., and advised them of the rights, benefits, and privileges they would derive from being members of said international union. These misrepresentations were believed by complainants, and, accordingly, they signed cards for the purpose of becoming affiliated with Local No. 107. Carrying out his misrepresentations further, the cards which Albert Brown presented to complainants contained a printed statement that Local No. 107 was an affiliate of the Congress of Industrial Organizations, and provided for a check-off from the wages of complainants to be paid by Crotty Bros., their employer, to Local No. 107 as an affiliate of the C. I. O. Not only complainants, but, also, their employer, Crotty Bros., was deceived by the misrepresentations of Albert Brown in that Crotty Bros. deducted from the wages of complainants, with their consent, initiation fees and monthly dues, and paid the same to said Local No. 107.

The evidence clearly discloses that Albert Brown was guilty of a wilful misrepresentation, and it does not lessen his offense just because he was apparently instrumental in obtaining a wage increase for complainants and that he was apparently hopeful of eventually obtaining the reinstatement of the charter of Local No. 107. There is nothing in the evidence to disclose that the president of the international union at any time assured, or even indicated, that Local No. 107 would be reinstated as an affiliate of said organization. At the most, the president of the international union merely said that the question of Local No. 107 would be considered when the troubles of the other locals of the international union of the City of Philadelphia were eventually ironed out. Apparently the troubles of the other Philadelphia locals have not, even today, been successfully solved, since up to the present date Local No. 107 has never been reinstated as a member of the international union.

Respondent, Local No. 107, United Food Workers Industrial Union, an unincorporated association, having received from complainants as a result of the check-off from their wages of initiation fees and dues by their employer, Crotty Bros., sums of money which complainants would not have permitted to be paid to said Local No. 107 but for the fraud, misrepresentation; and deceit of Albert Brown, business agent of said Local No. 107, must, in accordance with the prayer of complainants' bill in equity, render an accounting to complainants therefor. Respondent, Albert Brown, having induced complainants to permit initiation fees and union dues to be paid to Local No. 107 through a check-off of their wages by their employer, as a result of his fraud, misrepresentation, and deceit, must in accordance with the prayer of

complainants' bill in equity render an accounting therefor. Respondents, Norman Lipschutz and Vito Mastranado, individually and as officers of said Local No. 107, having had full knowledge of the nonexistence of Local No. 107 as an affiliate of the Congress of Industrial Organizations, of the misrepresentations of their business agent, Albert Brown, and having thereby participated in the fraud, misrepresentations, and deceit of said Albert Brown must account to complainants for all funds received by said Local No. 107 from Crotty Bros. resulting from the check-off of initiation fees and union dues from the wages of complainants.

Upon due accounting, complainants are entitled to judgments against Local No. 107, United Food Workers Industrial Union, Albert Brown, Norman Lipschutz, and Vito Mastranado, jointly and severally for all moneys found to have been paid by Crotty Bros. to said Local No. 107 as a result of the check-off from the wages of complainants of initiation fees and union dues.

Respondent, Philadelphia Joint Council, United Retail, Wholesale and Department Store Employees, was an affiliate of the United Retail, Wholesale and Department Store Employees of America, C. I. O., until January 1944, and Harold Cantor, president; B. B. Smith, vice president; Harry Sirken, treasurer; Helen Turner, secretary; and Albert Brown, business agent, well knew that Local No. 107 which was openly treated as a member in good standing of said joint council, had been suspended by the international union in March of 1939, and its charter taken from it during the Spring of 1940. However, regardless of this knowledge, said joint council and its officers continued to harbor Local No. 107 within its group, and received from it from November 1942 through October

1943 certain of the moneys received by Local No. 107 from Crotty Bros. resulting from the check-off of dues and initiation fees from the wages of complainants. The joint council and its officers were fully cognizant that the moneys belonging to complainants and paid to it by Local No. 107 afforded complainants none of the rights, benefits, and privileges accorded to members of a bona fide local of the Congress of Industrial Organizations. To the extent that said joint council and its officers received money of complainants, they jointly and individually participated in the fraud and deceit of Albert Brown and said Local No. 107.

Respondents, the Philadelphia Joint Council, United Retail, Wholesale and Department Store Employees, and its officers, Harold Cantor, president; B. B. Smith, vice president; Harry Sirken, treasurer; Helen Turner, secretary; and Albert Brown, business agent, having participated in the fraud, misrepresentations, and deceit of Local No. 107 and its business agent, Albert Brown, must account to complainants for all funds paid by said Local No. 107 to said joint council, representing moneys of complainants deducted from their wages for initiation fees and union dues by their employer, Crotty Bros.

Upon due accounting complainants are entitled to judgments against Philadelphia Joint Council, United Retail, Wholesale and Department Store Employees, Harold Cantor, B. B. Smith, Harry Sirken, Helen Turner, and Albert Brown, jointly and severally, for all funds found to have been paid to said joint council, representing moneys of complainants deducted from their wages for initiation fees and union dues by their employer, Crotty Bros.

Complainants' bill in equity and the prayers thereof are sustained, and a decree in accordance with this opinion shall forthwith be entered.

606

*Disposition of requests for findings of fact and conclusions of law*

The following of complainants' requests for findings of fact are affirmed: Nos. 1 to 11, inclusive; 14 to 16 inclusive; 18 to 26 inclusive, and 28.

Complainants' request for finding of fact no. 17 is affirmed with the modification: "Since the Spring of 1940 there was no food workers' local in Philadelphia affiliated with the United Retail, Wholesale and Department Store Employees of America, C. I. O."

The following of complainants' requests for findings of fact are denied as stated: Nos. 12, 13 and 27.

The following of complainants' requests for conclusions of law are affirmed: Nos. 1 through 6, inclusive.

Complainants' request for conclusion of law no. 7 is affirmed with counsel fee fixed in the sum of $150.

*Decree nisi*

And now, to wit, October 8, 1945, the bill in equity and the prayers thereof are sustained, and it is ordered, adjudged, and decreed that respondents, Local No. 107, United Food Workers Industrial Union, Norman Lipschutz, Albert Brown, and Vito Mastranado, and each of them, shall forthwith state an account of all money or moneys received by them or any of them from Crotty Bros. by check-off from the wages of complainants, and that when said account is stated and approved by this court said respondent or respondents indebted to said complainants shall forthwith pay the said sum or sums with interest to said complainants; and it is further ordered, adjudged, and decreed that respondents, Philadelphia Joint Council, United Retail, Wholesale and Department Store Employees, Harold Cantor, B. B. Smith, Harry Sirken, Helen Turner, and Albert Brown, and each of them, shall forthwith state an account of all money or moneys received by them or any of them

from Local No. 107, United Food Workers Industrial Union, representing moneys received by said Local No. 107 by check-off from the wages of complainants, and that when the said account is stated and approved by this court said respondent or respondents indebted to said complainants shall forthwith pay the said sum or sums with interest to said complainants. The costs shall be paid by respondents. A copy of this opinion and decree shall be filed with the prothonotary of this court, and if exceptions thereto are not taken within 30 days, the decree shall be final.

NOTE.—Exceptions to the foregoing findings of fact, conclusions of law and decree nisi were subsequently dismissed.